CATHERINE DONOHOE, *pro ami.*, *vs.* THE LONSDALE COMPANY.

PROVIDENCE—MAY 13, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Master and Servant.  Unsafe Appliance.  Contributory Negligence.*

The fact that a stool furnished a servant by the master was of such a character as to tip over upon slight contact with other bodies does not make it an inherently dangerous article and excuse a servant from contributory negligence who, having arisen from the stool, steps backward and sits down without knowing whether the stool is there or not.  If the appliance is reasonably safe and of such a character as can, with the exercise of due care, be used without danger to the servant, it is all that the law requires.

TRESPASS ON THE CASE for negligence.  Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J.   The negligence alleged in this case was the failure of the defendant corporation to provide a reasonably safe seat for the use of the plaintiff when the duties of her work did not require her to be standing.

Gen. Laws R. I. cap. 68, § 8, provides as follows:  "In every manufacturing, mechanical or mercantile establishment in which women and girls are employed, there shall be provided conveniently located seats for such women and girls, and they shall be permitted to use them when their duties do not require their standing."

(1)   The plaintiff alleges that the seat which was furnished her was unsafe in this:  That it was made with a round seat screwed upon a piece of piping, which piping was screwed into a standard having three feet, flattened and triangular in shape after the style of the points of an anchor;  that the seat or stool was heavier at the top than at the bottom, and was therefore liable to fall or turn over upon the floor at a very slight contact with any substance—*e. g.*, the skirts or clothing of any of the women and children working in the room—and that the feet of the stool or seat were so pointed and sharp, when turned upwards, as to injure any person who might fall upon them.

The plaintiff further alleges that while in the exercise of due care she sat down upon the stool furnished her, at a time when her duties did not require her to be standing, and while thus seated it became necessary that she should stand momentarily upon her feet in the discharge of her duties, which she did, and that when she went to sit back again upon said stool it had fallen or turned over upon the floor, leaving the points or feet thereof projecting upwards, and that she fell upon one of said points and was seriously and permanently injured.

The defendant has demurred to the declaration on various grounds, the substance of which is that it appears from the plaintiff's own showing that she was guilty of contributory negligence in proceeding to sit back upon the stool without first ascertaining whether it was standing or not. The demurrer also is based upon the ground that no duty is owing from an employer under said statute to provide a seat or stool which would not tip over from the contact therewith of the skirts or clothing of women, or to provide one made with four feet, or stationary upon the floor.

We think the demurrer must be sustained. · The case shows that the plaintiff, after momentarily leaving the seat provided for her, attempted to "sit back" upon it without looking to see whether it was there or not. In other words, it shows that the plaintiff must not only have stepped backwards without looking to see what was behind her, but that she must also then have attempted to sit down without knowing whether the seat was there or not.

We can hardly conceive of a plainer case of contributory negligence than is thus shown. The fact that the stool was heavier at the top than at the bottom, and hence liable to tip over upon slight contact with other bodies, is not controlling in the plaintiff's favor; for the mere fact that a machine or appliance may become dangerous if carelessly used, is not a test of the master's liability. If the appliance is reasonably safe and of such a character as can, with the exercise of due care, be used without danger to the servant, it is all that the law requires of the master. A master is not an insurer against accident to his servants, and is not called upon so to construct every appliance

upon his premises as to prevent the possibility of accident therefrom.   And if, in a given case, the exercise of ordinary care by the servant would have prevented him from taking the risk which resulted in the injury of which he complains, the law can afford him no redress.   *McCann v. Atlantic Mills*, 20 R. I. 566.

That the stool or seat in question was not inherently dangerous, and was not an unsafe article if carefully used, would seem to be evident.   And that the defendant was not bound to furnish seats which would not tip over when caught in the skirts of its employees, or to warn them of the danger of sitting down where a chair or stool had been placed without first ascertaining whether it was standing on its legs or was overturned, would seem to be a proposition so reasonable as not to require argument in its support.

It is true the declaration alleges that the plaintiff was in the exercise of due care at the time of receiving the injury in question.   But as the declaration taken as a whole clearly shows that she could not have been in the exercise of such care, the mere fact that she alleges that she was does not save it from being demurrable.   *Baumler v. Narragansett Brewing Co.*, 23 R. I. 430.   See also Thompson's Coms. on Neg. vol. 1, § 385.

The demurrer must be sustained.

*Hugh J. Carroll*, for plaintiff.

*Miller & Carroll*, for defendant.

